IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR172 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| ANDRE HARRIS, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E.

Herdman, United States Attorney, and Margaret A. Kane, Assistant United States Attorney and

hereby files this sentencing memorandum.  The Government agrees with the calculations

contained in the Final Presentence Investigation Report filed August 15, 2019.  (R. 16:

Presentence Investigation Report, PageID 67).  However, the Government asks that this Court

impose an upward departure based on U.S.S.G. § 4A1.3(a)(1) or an upward variance based on

the factors enumerated in 18 U.S.C. § 3553(a).

## I. OFFENSE CONDUCT AND GUIDELINE CALCULATION

### A. Offense Conduct

On February 8, 2019, HARRIS robbed the Key Bank, located at 3601 Chester Avenue,

Cleveland, Ohio.  HARRIS leaned over a teller's counter and stated "get all the $50's and

$100's."  He further stated "I do not want to hurt anyone."  As the teller began to give HARRIS

money, he stated he wanted the $20's too.  HARRIS then reached over the counter and grabbed

the money.  HARRIS fled the bank with $3,782.  (R. 16:  PSR, PageID 54).

On February 11, 2019, HARRIS robbed the Fifth Third Bank, located at 14800 Madison

Avenue, Lakewood, Ohio.  The teller informed officers that HARRIS approached his window

and requested $100's, $50's, $20's, $10's, and $5's from his drawer.  The teller complied and gave the suspect the money he demanded, a total of $2,190.  (R. 16:  PSR, PageID 55).

On February 15, 2019, HARRIS robbed a third bank, Chase Bank, located at 35400 Vine Street, Eastlake, Ohio.  HARRIS stated to the teller, "I don't want to do this but I have to.  You are being robbed, give me all your $100's, $50's, $20's, $20's, and $5's."  The teller complied and gave HARRIS $2,000 before he fled the bank.  (Id.).

All of the above incidents were captured on video surveillance.  Using this, as well as other investigative leads, The Federal Bureau of Investigation determined that HARRIS was the suspect who robbed all three banks.  HARRIS was arrested on February 26, 2019, and admitted to robbing the three banks outlined above due to his relapse with using cocaine.  HARRIS also admitted to robbing a fourth bank in Columbus, Ohio, on or about February 1, 2019.[1]  (R. 16: PSR, PageID 55).

**B.     Guideline Calculation**

HARRIS was indicted on March 27, 2019, in a three count Indictment.  Each count charged HARRIS with Bank Robbery, in violation of 18 U.S.C. § 2113(a).  HARRIS plead guilty to the Indictment on February 8, 2019, without a plea agreement.

 The Presentence Investigation Report lists the combined adjusted offense level as 25 (R. 16:  PSR, PageID 57).  After a three-level reduction for acceptance of responsibility, the total offense level is 22.  (Id., PageID 58).  HARRIS's criminal history score of 8 establishes a criminal history category of IV.  (Id., PageID 64).  Based on a total offense level of 22, and a criminal history category of IV, the advisory guideline imprisonment range is 63-78 months.

---

[1] Investigators believe that this is the January 30, 2019, robbery of Huntington Bank, located at 1928 North High Street, in Columbus, Ohio.  The undersigned AUSA has verified with the Southern District of Ohio that they do not intend to charge HARRIS with this robbery.  The Government has advised defense counsel of said information.

(Id., PageID 67).  The report specifically states that there are possible grounds for a departure

from the applicable sentencing guideline provisions based on the history and characteristics of

the defendant and the likelihood that he will commit additional crimes.  (Id., PageID 72).

## II.    SENTENCING FACTORS 18 U.S.C. § 3553(A)

Upon properly calculating the advisory guideline range, this Court is required to follow

18 U.S.C. § 3553(a), which states:

> This Court is required to consider the following factors in
> determining the sentence.
>
> (a) Factors to be considered in imposing a sentence.--The court
> shall impose a sentence sufficient, but not greater than necessary,
> to comply with the purposes set forth in paragraph (2) of this
> subsection. The court, in determining the particular sentence to be
> imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and
> characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for
> the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational
> training, medical care, or other correctional treatment in the most
> effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> (5) any pertinent policy statement--
>
> (6) the need to avoid unwarranted sentence disparities among
> defendants with similar records who have been found guilty of
> similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

U.S.S.G. §4A1.3 permits an upward or downward departure if the defendant's criminal-history scoring substantially under or over represents the seriousness of the prior offenses. United States v. Lanning, 633 F.3d 469, (6th Cir. 2011).  The information described in § 4A1.3(a)(1) may include information of prior sentences of substantially more than one year imposed as a result of independent crimes committed on different occasions.

This court may consider that many of HARRIS'S convictions do not count towards his criminal history score but show a pattern of theft and dishonesty.  For example, HARRIS has convictions for Theft in 2000; Theft of rental property in 2000; and Possessing Stolen Property in 2001.  His prior conviction for bank robbery in 2004 only counted for three criminal history points even though it involved a sentence of 96 months.  Also, the 2004 case did not only involve one bank robbery.  Rather, it involved five completed bank robberies and an attempted robbery on a sixth bank.  These six bank robberies occurred on three different days.  HARRIS acted as if he had a weapon in two of these robberies.   This case shows a pattern of criminal conduct similar to his conduct in the instant offenses.

If this Court does not find that a departure is justified under U.S.S.G. § 4A1.3, the Government would ask for an upward variance based on the factors stated in 18 U.S.C. § 3553(a).  The U.S. Sentencing Guidelines are "effectively advisory."  United States v. Booker, 543 U.S. 220, 245 (2005).  District courts are therefore free to impose a sentence higher or lower than the advisory guideline range.  A district court must identify its reasons for imposing an outside-Guidelines sentence.  United States v. Vonner, 516 F.3d 382 (6th Cir. 2008) (en banc). That said, district courts are not required to show extraordinary circumstances to justify a sentence outside of the Guidelines range.   Gall v. United States, 552 U.S. 38, 45-46 (2007).

4

Similarly, the district court's reasons for varying need not proportionally equate to the amount that the variance deviates from the Guidelines range.  United States v. Bolds, 511 F.3d 568, 578 (6th Cir. 2007).  In reviewing sentences imposed, appellate courts must give "due deference" to the district court's conclusion that a sentence was warranted by the § 3553(a) factors.  Bolds, 511 F.3d at 581 (citing Gall, 552 U.S. at 51).

HARRIS has been committing crimes for approximately twenty-five years.  His first offense occurred at the age of twenty-five, in 1995, where he shoplifted cigarettes from a store and punched the store clerk in the face.  (R. 16:  PSR, PageID 59).  HARRIS served approximately one year in prison before being granted shock probation.  However, he violated the terms of his release, and was sentenced to serve the original sentence of 3 to 15 years two years later.  HARRIS was repeatedly released but was then sent back to the institution when he continued to violate the terms of his parole until it was finally revoked in 2019.  HARRIS was still under supervision for this case when he committed the instant offenses.

HARRIS also has a string of convictions from Tacoma, Washington, from 2000 through 2001.  Although minor offenses, they include a pattern of crimes of dishonesty, including Forgery in 2000, Theft in 2000, Theft of Rental Property in 2000, Theft in 2000, and Possessing Stolen Property from 2001.  (Id., PageID 59-61).  HARRIS also has a conviction for Attempted Escape out of the Cuyahoga County Court of Common Pleas from 2001.  (Id., PageID 61).

Most importantly, HARRIS has a history of committing the same exact crimes for which he now stands before this Court.  In 2004, HARRIS robbed five banks, and attempted to rob a sixth, in Chicago, Illinois.  HARRIS portrayed to tellers that he had a weapon while demanding money in many of these robberies.  He served a 96-month sentence for these offenses.  When he was released from this federal sentence in 2011, he went into state custody until 2017.  He then

5

robbed three banks approximately two years later, the charges that bring him before this Court.

He was not rehabilitated by his prior sentence and continues to commit the exact same crimes.

The present crimes were even committed in a similar fashion to his prior bank robbery by using

similar language with the tellers.  When looking at the history and characteristics of the

defendant, it is clear that a 63-78 month sentence is not sufficient.

The nature and circumstances of the present offense should also be considered when

fashioning a sentence.  HARRIS robbed three different banks on three different occasions across

an eight-day period.  Even though he did not use a weapon during these robberies, he invoked

fear in the tellers as they did not know what HARRIS would do if they did not comply with their

demands.  While HARRIS accepted responsibility and made a full confession, he only showed

remorse for his actions once he was apprehended and facing serious consequences.  It is also

important to note that HARRIS was still on federal supervised release for his prior bank

robberies at the time that he committed the instant offenses.  This Court may also consider that

HARRIS robbed yet another bank in Columbus, Ohio, on February 1, 2019, as relevant conduct.

This is yet another robbery offense that occurred during the same short time period.

In order to reflect the seriousness of this offense, to promote respect for the law, to

provide just punishment, to adequately deter the defendant, and to protect the public, a sentence

above the recommended guidelines sentence is necessary in this case.

In addition to a term of incarceration, the Government respectfully requests that this

Court order HARRIS to pay restitution to the financial institutions that he robbed.  Specifically,

HARRIS should be ordered to pay Key Bank, located at 3601 Chester Avenue, Cleveland, Ohio,

$3,782; Fifth Third Bank, located at 14800 Madison Avenue, Lakewood, Ohio, $2,190; and

Chase Bank, located at 35400 Vine Street, Eastlake, Ohio, $2000.  These are the amounts of

currency that HARRIS stole from each bank.  None of the funds were returned to the banks.

       For the above mentioned reasons, the Government respectfully asks that this Court apply

an upward departure or upward variance from the recommended sentencing guideline range

based on the factors provided in 18 USC § 3553(a), as well as an order of restitution for the total

amount of $7,972.


                              Respectfully submitted,

                              JUSTIN E. HERDMAN
                              United States Attorney

By:   /s/ Margaret A. Kane
          Margaret A. Kane (OH: 0082084)
          Ranya Elzein (OH:  0090887)
          Assistant United States Attorney
          United States Court House
          801 West Superior Avenue, Suite 400
          Cleveland, OH 44113
          (216) 622-3624
          (216) 522-7358 (facsimile)
          Margaret.Kane@usdoj.gov
          Ranya.Elzein@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of September, 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Margaret A. Kane
Margaret A. Kane
Assistant U.S. Attorney